UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

March 1, 2022

**LETTER OPINION**

Re:   *Lai v. BNY Mellon Co., et al.*,
      Civil Action No. 21-14099 (ES) (JBC)

Dear parties:

Before the Court is defendants BNY Mellon Transfer, Inc., incorrectly identified as BNY Mellon Co., Wheeler Kearney, and James H. Forte, Esq.'s (together "Defendants") motion to dismiss *pro se* plaintiff Katharine Wang Lai's ("Plaintiff") complaint. (D.E. No. 4 ("Motion")). Although Plaintiff submitted an email chain purporting to object to Defendants' removal of this action from the Superior Court of New Jersey, Law Division, Essex County (D.E. No. 3), she has not filed a substantive opposition to the Motion, consistent with at least one of her many matters previously before the Court. *See Lai v. Dreyfus Co., et al.*, Civil Action No. 19-16417 (District of New Jersey June 24, 2020), Docket Entry Number 16.[1]

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). A complaint cannot suffice "if it tenders [only] 'naked assertion[s]' devoid of 'further factual enhancement,'" because while Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555 & 557). The Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016). And, further, "[i]n considering the defendants' motion to dismiss, the . . .

---

[1]   To be clear, Plaintiff mailed an email chain to the Undersigned which was docketed on July 29, 2021, weeks before Defendants' motion to dismiss. (*Compare* D.E. No. 3 (docketed on July 29, 2021), *with* D.E. No. 4 (filed on August 18, 2021)). The first and second emails are addressed to "Mr. Forte and copy to Judge Stecher and Judge Salas." (D.E. No. 3 at 1). Plaintiff has not filed any additional communications on the docket.

Court [i]s required to interpret the *pro se* complaint [particularly] liberally . . . ." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

It appears that Plaintiff's complaint stems from her alleged attempts to invest additional funds in her Individual Retirement Account. (D.E. No. 1 (ECF Pages 6–9 ("Complaint" or "Compl.")) ¶¶ 1–3). According to Plaintiff, Mr. Kearney, an employee of BNY Mellon Co., cashed Plaintiff's check for $300,000, but "refused to give [Plaintiff] [her] new Funds." (*Id.* ¶ 1). She then admits that she would not accept a return check. (*Id.* ¶ 2). Mr. Kearney allegedly knew that Plaintiff is a 73-year-old Chinese woman born with cerebral palsy, who suffers from aphasia caused by stroke, and that he "did [the] same discrimination acts" to her in 2018, which resulted in that action's removal to this Court "[w]ithout any good cause[]." (*Id.* ¶¶ 4–5 (citing *Lai v. Dreyfus Co., et al.*, Civil Action No. 19-16417)). Plaintiff further maintains that Mr. James Forte (attorney for Dreyfus Co., which is now BNY Mellon Co.) allegedly knows the Undersigned well and had Plaintiff's matter dismissed unlawfully. (*Id.*). In addition, Plaintiff asserts that she filed complaints against Mr. Kearney in the "BBB" (which the Court construes as the Better Business Bureau) of the "USA," "NJ & NY," which he has not answered. (*Id.* ¶ 5). Based on this bare set of facts, Plaintiff alleges eight counts against Defendants for "Civil Rights Discrimination" under (i) the "US & NJ Constitutions, NJ Law LAD" (Counts 1, 2, 3 & 4), (ii) "42 USC 1981" (Count 5), (iii) "42 USC 1983" (Count 6), (iv) fraud (Count 7) and (v) "BULLY & Harassment ACTS" (Count 8).[2]

Even after considering Plaintiff's status as a *pro se* litigant, Plaintiff fails to state a claim upon which relief can be granted. Notably, Plaintiff is no stranger to the legal system and has been made aware of the pleading standards required to state a claim. *Lai v. Highland Park Borough, et al.* No. 06-1337, 2007 WL 201151, at *2 (D.N.J. Jan. 23, 2007), *aff'd*, 271 F. App'x 255 (3d Cir. 2008) ("The allegations in the complaint are bare, unsupported conclusions . . . . Lai's subjective perception of being discriminated against is insufficient to state a claim under Section 1983"); *Lai v. Wei*, No. 07-0179, 2007 WL 1456200, at *1 (D.N.J. May 15, 2007) (granting motion to dismiss various claims pursuant to Federal Rule 12(b)(6)). Indeed, many of Plaintiff's previously filed cases involved similar discrimination claims against various defendants which other judges in this district have termed "meritless." *See, e.g.*, *Lai v. Dist. V-C Ethics Comm.*, No. 06-2661, 2006 WL 3677933, at *4 (D.N.J. Dec. 11, 2006) (issuing a non-monetary directive sanction against Plaintiff for filing a meritless complaint and prosecuting it notwithstanding a court order that precluded Plaintiff from filing the action); *Lai v. Wei*, No. 07-179, 2007 WL 1963331, at *5 (D.N.J. June 29, 2007) (denying Plaintiff's motion for reconsideration and granting a motion for sanctions). And these cases are only a sampling of the lawsuits Plaintiff has filed, as she "has an extraordinary history of filing meritless claims" within this District and in the state courts. *Lai*, 2007 WL 1963331, at *5; (*see also* D.E. No. 4-1, Defendants' Moving Brief, at 2 n.1). Perhaps Plaintiff's

---

[2] Although Plaintiff appears to object to Defendants' removal of this action (*see* D.E. No. 3), this Court has jurisdiction pursuant to 28 U.S.C. §§ 1441(a), 1331, and 1367(a). Specifically, this Court has original jurisdiction over Counts 1, 2, 3, 4, and 5 of the Complaint raised under the United States Constitution pursuant to 28 U.S.C. § 1331. It also has original jurisdiction over Counts 5 and 6 brought under 42 U.S.C. §§ 1981 and 1983, and supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a), which derive from a common set of operative facts. The Court also notes that although not pled as a separate count, Plaintiff refers to the "emotional distress" she has and will suffer in light of Defendants' alleged conduct in each of her eight counts. (Compl. at 7–9 (ECF pagination)).

litigiousness is best summarized by the fact that she has been "enjoined from filing in this District, *in any matter*, without permission of the court." *Lai*, 2007 WL 1963331, at *7 (emphasis in original).

Notwithstanding the foregoing, Plaintiff has once again filed a lawsuit that fails to adhere to the relevant pleading standards. In particular, Plaintiff relies on various laws to state her claims, without identifying the relevant provisions relied upon, or how the complained of conduct violates those laws. Thus, there are no facts alleged in the Complaint to allow the Court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *See, e.g.*, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Instead, the Complaint is mostly riddled with "mere conclusory statements" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]"—which are insufficient to state a claim. *See, e.g.*, *id.* As such, the Court will dismiss Plaintiff's Complaint.

Because Plaintiff's "various filings in the District Court seem to reflect an inability to submit coherent, intelligible pleadings," any amendment would be futile, and this dismissal is *with prejudice*. *See Foster v. Raleigh*, 445 F. App'x 458, 460 (3d Cir. 2011); *see also Caterbone v. Nat'l Sec. Agency*, 786 F. App'x 351, 352 (3d Cir. 2019) (affirming dismissal with prejudice where the district court had determined, based on a history of filing numerous frivolous complaints, that any amendment would be futile). An appropriate order accompanies this letter opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**